United States District Court
Southern District of Ohio
Eastern Division

| | |
|---|---|
| **MICHELLE JACKSON** :: | |
|     plaintiff | |
| :: | **Case No.**    2:15cv2413 |
| vs. | |
| :: | **Judge** |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC.** :: | **Magistrate** |
| c/o CSC-Lawyers Incorporating :: | |
| 50 West Broad St. | |
| Suite 1800 :: | |
| Columbus, Ohio 43215 | |
|     defendant :: | |

---

**Complaint Seeking Civil Damages, Declaratory & Permanent Injunctive Relief, Costs and Attorney Fees For Deceptive, Unfair, and Unconscionable Debt Collection Practices under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act; and Jury Demand**

---

### Introduction

This action is brought pursuant to both federal law (Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.) and state law (Ohio's Consumer Sales Practices Act, O.R.C. §1345.01, et seq.) wherein Plaintiff alleges that Defendant has engaged in various violations which are alleged herein.

## Claim One For Relief
### [Fair Debt Collection Practices Act]

### Jurisdiction

1. This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* [hereinafter referred to as the "Act"].

2. This claim is for both statutory and actual damages brought by Plaintiff for Defendant's violations of the Act, which expressly prohibits a debt collector from engaging in unconscionable, deceptive and unfair debt collection practices.

3. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

### Parties

4. Plaintiff, **Michelle Jackson,** [hereinafter referred to as **"Jackson"** or **"Plaintiff"**] is, and was at all times mentioned herein, a "consumer" as defined in the Act, 15 U.S.C.§1692a(3), who is alleged to have owed a debt and who is a resident of Ross County, Ohio.

5. Defendant, Portfolio Recovery Association, LLC. [hereinafter referred to as **"PRA"** or as "Defendant"] is a foreign Limited Liability Company which, upon information and belief, is incorporated under the laws of the state of Delaware but which operates and transacts business in the state of Ohio and other jurisdictions and which specializes in the purchase of and collection of distressed consumer debt consisting of defaulted and delinquent obligations or accounts which it claims to purchase from original creditors or other distressed debt buyers at a discount and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. §1692a.(6).

6. Defendant regularly engages in and transacts business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Ohio and is subject to the jurisdiction of this Court.

7. The debt in question, if owed by the Plaintiff, was incurred for personal, household or family purposes.

### Factual Allegations

8. On or about August 6, 2014 Defendant filed a legal action against Plaintiff on a debt allegedly owed by Plaintiff entitled *Portfolio Recovery Associates, LLC vs. Michelle Jackson* which case was assigned no. 14CVF914 in the Chillicothe Municipal Court located in Ross County, Ohio [hereinafter the "suit"].

9. The debt herein consisted of a credit card originally applied for and obtained by Plaintiff in 2012 issued by G.E. Capital Retail Credit which obligation Defendant purchased, along with many others in a Portfolio of accounts, sometime in 2013 [hereinafter the "account"].

10. When Plaintiff applied for and obtained the account in 2012 she gave the address of 14996 Pleasant Valley Rd., Chillicothe, Ohio 45601 as her residence at which she resided from 2012 through the end of 2014.

11. Shortly after Defendant acquired the account and before it sued Plaintiff it accessed consumer information about Plaintiff from Trans Union which is a consumer reporting agency. A consumer report obtained from Trans Union indicates that the access occurred on September 11, 2013; presumably to obtain location and other personal information concerning Plaintiff.

12. The consumer information accessed by Defendant indicates each and every address at which Plaintiff resided from 2006 through the date Defendant obtained the information in September, 2013.

13. The consumer information which Defendant would have obtained in 2013 would clearly have indicated that, at the time, Plaintiff resided at of 14996 Pleasant Valley Rd., Chillicothe, Ohio 45601. In

fact, all monthly statements were mailed to the above address and the statement of account attached to the suit contained this address.

14. However, when Defendant filed its suit in August, 2014 it instructed its pleading to be served at 36 Woodland Dr., Chillicothe, Ohio 45601 which was a location which was never associated with the account and was an address at which Plaintiff hadn't resided a full 2 years prior to her ever applying for the account in question. A fact easily determined from examining the consumer information obtained by the Defendant.

15. As a consequence of serving Plaintiff at an address it knew or should have known was incorrect, the pleading came back "unclaimed" which allowed the Defendant to seek regular mail service where, shortly thereafter, it was able to obtain a default judgment against Plaintiff [hereinafter the "judgment"].

16. Plaintiff only learned of the judgment when her employer notified her that her wages had been garnished. Her wages were attached on 2 occasions causing her embarrassment and emotional upset.

17. Without limiting the scope of any violation which may have been committed, Defendant's conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

>(a) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. §1692e., 15 U.S.C. 1692e(10) and 15 U.S.C. §1692f. and
>
>(b) the taking of action that cannot be legally taken in violation of 15 U.S.C. §1692e(5).

18. The above-described conduct caused Plaintiff emotional distress and embarrassment.

## Second Claim For Relief
## [Ohio Consumer Sales Practices Act]

### Jurisdiction

19. This claim is made pursuant to the Ohio Consumer Sales Practices Act (hereinafter "OCSPA" or the "Act") Ohio Rev. Code (O.R.C.§1345.01.01 *et seq.*

20. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C.§1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

21. The parties are the same as those alleged in claim one.

22. Plaintiff is a "consumer" as defined in O.R.C. §1345.01(D).

23. Defendant is a "supplier" as defined in O.R.C.§1345.01© in that, subsequent to the consummation of a consumer transaction, Defendant engaged in the conduct of attempting to collect a debt.

### Allegations

24. Plaintiff hereby incorporates each and every allegation of claim one as of fully rewritten herein.

25. Defendant's conduct in filing a collection suit in the manner set forth above in connection with a consumer debt, constituted an unfair and deceptive consumer sales practice in violation of O.R.C.§1345.02 and O.R.C. §1345.03 as follows:

5

26. The conduct described herein constitutes an unfair and deceptive act in violation of O.R.C.§1345.02(A).

27. The conduct described herein constitutes an unconscionable act in violation of O.R.C.§1345.03(A).

28. Defendant, in attempting to obtain service on Plaintiff at and address it knew or should have known was incorrect knowingly made misstatements in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of defendant to collect a debt or he consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to his detriment in violation of O.R.C. §1345.03(B)(6);

29. Defendant, in attempting to obtain service on Plaintiff at and address it knew or should have known was incorrect, falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10)

30. Plaintiff is entitled under the Act elect to recover statutory damages and actual damages

31. Further, unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff will suffer substantial and irreparable injury for which there is no adequate remedy at law.

## Prayer for Relief

Plaintiff prays for the following relief:

a. On each claim for relief, statutory and actual damages as may awarded by the Court;

b. On the second claim for relief, a declaration that the activity and conduct of the Defendant was unlawful;

c. On the second claim for relief, an injunction prohibiting Defendant from engaging in such conduct now and in the future;

d. On each claim for relief, reasonable attorney fees for all services performed by counsel in the prosecution of this claim as provided bylaw;

e. On each claim for relief, reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

f. For a trial by jury on all appropriate issues; and

g. For any and all other relief this Court may deem appropriate.

Respectfully submitted by:

**/s/Steven C. Shane**
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, KY 41073
(859) 431-7800

## Prayer for Relief

Plaintiff prays for the following relief:

a. On each claim for relief, statutory and actual damages as may awarded by the Court;

b. On the second claim for relief, a declaration that the activity and conduct of the Defendant was unlawful;

c. On the second claim for relief, an injunction prohibiting Defendant from engaging in such conduct now and in the future;

d. On each claim for relief, reasonable attorney fees for all services performed by counsel in the prosecution of this claim as provided bylaw;

e. On each claim for relief, reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

f. For a trial by jury on all appropriate issues; and

g. For any and all other relief this Court may deem appropriate.

Respectfully submitted by:

/s/Steven C. Shane
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, KY 41073
(859) 431-7800
(859) 431-3100 fax
shanelaw@fuse.net